## VANASSE, Respondent, vs. REID, Appellant.

*September 4— September 24, 1901.*

*Attorney and client: Contracts: Burden of proving fairness.*

1. The relationship between attorney and client does not render the former incapable of contracting with the latter in respect to the subject matter of the employment, or with the latter's adversary, where a suit is pending between him and the client, though such dealings are regarded by courts with suspicion and are not sustained against the will of the client if his interests have been thereby sacrificed in any respect.

2. If an attorney deals with his client or with a person opposed to such client in respect to the subject matter of the attorney's employment, and such attorney's conduct in so dealing is called in question by his employer, the burden is on such attorney to show that the transaction was in no way to the disadvantage of his client, that his conduct was open and honest, that he fully informed his client of all the facts material for him to know, and that he left nothing undone which he could reasonably have done to promote such client's interests.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Pierce county: JAMES O'NEILL, Judge. *Reversed.*

Action to obtain a conveyance of real estate upon the ground that the defendant was a constructive trustee thereof for plaintiff. The cause was tried by the court. The following is the substance of the findings of fact:

One Cypreansen, by a land contract in the usual form, agreed to sell the land in question to plaintiff for $3,000, and thereafter received from him $1,290, plaintiff in the

meantime taking from the land for his benefit nearly all the saw timber, amounting to about 675,000 feet, and a considerable quantity of cord wood. While litigation was in progress between the parties respecting their rights under the contract, Ray S. Reid being attorney for the plaintiff in this action, he, as agent for defendant herein and wholly with her money and for her benefit, purchased the land of Cypreansen for $1,500, and caused the title thereof to be conveyed to her by deed from each of the parties to the contract. As a part of the transaction and without other consideration than that named, Reid secured for plaintiff a settlement of the litigation mentioned and a cancellation of all Cypreansen's claims against him, amounting to $2,496.16, with interest thereon from February 3, 1898, which claims were a lien on the land, and, to the extent of $450, a lien also upon plaintiff's personal property, and the notes and securities representing the same were delivered to plaintiff and retained by him. The lien upon the land would have been enforced in its entirety by Cypreansen against plaintiff, and was nearly equal to the full value of the land. Ill feeling existed between the parties to the contract, so that, though Cypreansen would not settle with plaintiff for less than the full amount due him, through Reid as agent for defendant he offered to transfer his interest in the land to the latter and release all his claims against plaintiff for the sum of $1,500, upon condition that no benefit from the land itself should accrue to the latter and that the consideration in the transaction moving from defendant should not be disclosed to plaintiff. Reid accepted such offer on condition that plaintiff would consent thereto. He gave such consent and the transaction was consummated, plaintiff receiving substantially all the land was worth to him. Reid did not know the real value of the property at the time of the conveyance thereof to defendant or that it exceeded $1,800, and he would not have paid more than that sum therefor. Though

plaintiff consented to Reid's obtaining the land for defend-
ant as cheaply as he could and to be kept in ignorance of
the consideration thereof on condition that all claims against
him were canceled, he did not do so freely and understand-
ingly.   Reid did not intentionally wrong him, but occupied
a situation where he could not perform his full duty to his
client.   From first to last Reid intended to serve his client
faithfully, and in some respects went beyond the calls of
duty to effect such intention.   After the completion of the
transaction detailed, plaintiff requested his attorney to re-
turn the sum of $200 paid him for the purpose of making
a tender to Cypreansen, saying that such attorney had so
profited by the transaction that he could well afford to re-
store the $200.   At that time plaintiff was indebted to his
attorney in the sum of $235.   Soon after receiving inform-
ation that plaintiff was dissatisfied with what had been
done, Mr. Reid offered to restore the former situation if
plaintiff would co-operate by returning and reinstating the
canceled securities, which he did not do.   Reid took the
course last indicated in good faith to avoid breaking his
promise with Cypreansen.

The court decided on such facts that plaintiff was entitled
to avoid the consent he gave to a conveyance of the land to
defendant and his acts to effect such conveyance, upon con-
dition of his paying into court for the benefit of defendant,
within sixty days after the entry of the judgment, the
amount she had expended for the land, including taxes paid
and the expense of recording papers.   Judgment was en-
tered accordingly.

For the appellant there was a brief by *H. L. Humphrey*,
and oral argument by *Ray S. Reid.*

For the respondent there was a brief by *E. B. & R. E.
Bundy*, and oral argument by *E. B. Bundy.*   They cited
*In re Taylor Orphan Asylum*, 36 Wis. 534; Weeks, Attor-
neys, §§ 121, 258, 265, 270, 273, 275, 277, 554; *Burnham v.*

*Hazelton,* 82 Me. 495; *Dunn v. Dunn,* 42 N. J. Eq. 431; *Newcomb v. Brooks,* 16 W. Va. 32; *Armstrong v. Huston's Heirs,* 8 Ohio, 554; *Rogers v. Marshall,* 3 McCrary, 76; *Poillon v. Martin,* 1 Sandf. Ch. 569; *Miles v. Mut. R. F. L. Asso.* 108 Wis. 421; *Cook v. Berlin W. M. Co.* 43 Wis. 433; *Howell v. Ransom,* 11 Paige, 538; *Gibson v. Jeyes,* 6 Ves. 266; Story, Eq. Jur. §§ 311, 312, note (*a*); 3 Am. & Eng. Ency. of Law (2d ed.), 337, and note; *Yeamans v. James,* 27 Kan. 195; *McDowell v. Milroy,* 69 Ill. 498.

MARSHALL, J.  Without the aid of the brief of counsel for respondent we would not be able to discover the precise ground upon which the judgment in this case was rendered. It was expressly found by the court that respondent was not deceived in any way by his attorney and his consent to the transfer of the land thereby obtained.  It is also found that respondent obtained substantially the full value of his interest in the land and much more than could have been obtained independent of the transaction complained of.  It is further found that a full disclosure of all the facts was made to respondent, except as to the amount the land was to cost appellant, and that he consented to remain in ignorance of that fact and expressly agreed that Mr. Reid might obtain the land for appellant as cheaply as he could on the one condition that all the claims of Cypreansen against him should be extinguished.  It is said in the findings that Mr. Reid did more than his full duty to his client as to protecting his rights, with which we perfectly agree, except in agreeing with Cypreansen that the consideration for the land, as between the latter and respondent, by the latter's consent, should not be disclosed to him.  That circumstance, it is said, incapacitated Mr. Reid from properly serving his client, because it prevented him from making a full disclosure.  No reason is perceived why it should be said there was any wrong in that.  Reid was free to state fully the

general nature of the proposed transaction with Cypreansen, which he did, together with all the particulars, except the precise amount of the consideration to move from appellant, and it was left entirely with respondent to say whether the transaction should take place under the circumstances. Respondent was a person of full age and fully competent to and did understand the whole situation. He knew that if the transaction was consummated appellant would get the land for less than the amount due thereon; he knew that he could not obtain the land otherwise than by full payment of his indebtedness, and he knew that such indebtedness substantially measured the entire value of the property. The learned trial court decided that respondent gave his consent reluctantly, but we are unable to find anything in the evidence to clearly indicate that. However, if such was the case, there is no evidence and no finding that he was unduly influenced to give his consent, or that any unfair means whatever were used in that regard, or that he was injured in any way, or that his attorney did not do for him everything that he could have done under the circumstances. On the contrary, the evidence affirmatively shows, and it was in effect decided, that respondent was rescued from his situation in respect to Cypreansen and the land, by the transaction complained of, more advantageously to him than could otherwise have been done. There was an entire failure by respondent to maintain the cause of action set forth in the complaint. It was alleged, in effect, that respondent was ready and willing to take the land of Cypreansen by paying whatever amount was required not exceeding the amount due thereon, and that through the misconduct of Mr. Reid he was precluded from taking advantage of Cypreansen's willingness to part with the property for $1,500. The findings and the evidence negative that. It follows that there is no room in the evidence or the findings to sustain the judgment appealed from on the ground of fraud or undue influence.

Vanasse vs. Reid.

The key to the judgment, we apprehend, is found in the following language in the brief of counsel for respondent: "We claim that notice to the agent, Judge Reid, was notice to his principal, the defendant, and that if the agent's conduct was such that had he been the principal the plaintiff would have been entitled to the relief sought as against him, we are entitled to the same relief against her." "We claim that this case comes clearly within the rule that an attorney cannot purchase the property in dispute of his client, be he ever so fair." We confess that we know of no such rule of law. The cases which counsel cite to our attention to sustain it do not do so, and we venture to say the authorities are few in number and contrary to the settled rule on the subject that do so hold. The general rule is that an attorney is not incapable of contracting in respect to the very subject of the litigation in which he is engaged and for his own benefit, either with his client or his client's adversary, so long as the transaction is open, honest, and in every way fair to the client. Such transactions are scrutinized with great care by courts because of the opportunity an attorney has for profiting at his client's expense, and are not sustained unless the former is able to and does show that the latter acted understandingly upon a full disclosure by the attorney of all the material facts, and that his interest did not militate at all against his using his best exertions for the benefit of his client. The burden of proof is on the attorney to show that his purchase of his client's property in dispute was in no way to the disadvantage of the latter and that the client was a willing party to the transaction and without any undue influence by his attorney. But if the attorney satisfactorily lift such burden, the transaction cannot be impeached. Equity protects the client from all probable injury, holding the attorney to strict accountability in every such transaction, and putting upon him the burden of proving his innocence as indicated, but goes no further. *La-*

*clede Bank v. Keeler*, 109 Ill. 385; *Yeamans v. James*, 27 Kan. 195; *Felton v. Le Breton*, 92 Cal. 457; *Cooper v. Lee*, 75 Tex. 114; *Dunn v. Dunn*, 42 N. J. Eq. 431; *Thomas v. Turner's Adm'r*, 87 Va. 1; *Lewis v. J. A.* 4 Edw. Ch. 599; Weeks, Att'ys at Law, § 273; 3 Am. & Eng. Ency. of Law (2d ed.), 332. Such a transaction, says Judge Story, "is not necessarily void throughout, *ipso facto*. But the burden of establishing its perfect fairness, adequacy, and equity is thrown upon the attorney, upon the general rule that he who bargains in a matter of advantage with a person placing a confidence in him, is bound to show that a reasonable use has been made of that confidence." Story, Eq. Jur. §§ 310, 311. Authorities in support of the foregoing could be cited to almost any length.

· In this case there was the utmost good faith on the part of Mr. Reid. There was no undue influence exercised by him over his client. The latter obtained a fair value for his property, and, as has been said, more than could have been obtained but for the transaction in question. The client acted with full knowledge of all the facts material for him to know. He did not know the amount defendant was to pay for his land, but he knew that it was a part of the transaction that such fact was to be kept secret from him, and consented to it for the very purpose of securing an extinguishment of Cypreansen's claims against him. He received disinterested advice on all legal questions and full knowledge of all facts that were material for him to know in order to determine what action to take on the business feature of the matter, and also the benefit of the best efforts of his attorney to promote his interest as to such feature. That satisfies every test of the validity of the transaction which rules of law or of equity require.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment in favor of defendant.